

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print  GrantedPublicAccess  Logoff KEVINPREWITT

**2216-CV25351 - CHELSEA GAARDER V WEBSTER UNIVERSITY (E-CASE)**

| Case File Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries

---

**11/04/2022** ☐ **Correspondence Sent**

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-10101, for WEBSTER UNIVERSITY.

☐ **Case Mgmt Conf Scheduled**
Scheduled For: 02/21/2023; 9:30 AM; JENNIFER PHILLIPS; Jackson - Independence

**11/03/2022** ☐ **Filing Info Sheet eFiling**
Filed By: GENE P GRAHAM JR

☐ **Note to Clerk eFiling**
Filed By: GENE P GRAHAM JR

☐ **Cert Serv Req Prod Docs Things**
Plaintiffs Certificate of Service.
Filed By: GENE P GRAHAM JR
On Behalf Of: CHELSEA GAARDER

☐ **Pet Filed in Circuit Ct**
Petition for Damages.
Filed By: GENE P GRAHAM JR

☐ **Judge Assigned**

---

Case.net Version 5.14.58    Return to Top of Page    Released 08/24/2022

EXHIBIT A



# CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

308 W KANSAS
INDEPENDENCE, MISSOURI 64050

**MARY A. MARQUEZ**                                                                               **ANTONIA CRAIG**
Court Administrator                                                                     Director of Civil Records

NOVEMBER 4, 2022

Eric Schmitt, Attorney General
Supreme Court Building
PO Box 899
Jefferson City, Missouri  65102

RE :   CHELSEA GAARDER V WEBSTER UNIVERSITY

Case No:  2216-CV25351

Enclosed is a copy of the petition filed in the above case.  You are being notified of this action in accordance with Section 407.25 R.S.Mo.

COURT ADMINISTRATOR'S OFFICE
DEPARTMENT OF CIVIL RECORDS
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

_____
Clerk

Enclosure
Mc:  Case File Folder

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| CHELSEA GAARDER<br>5702 S Garnet Drive<br>St. George, Utah 84790<br><br>                Plaintiff,<br><br>vs.<br><br>WEBSTER UNIVERSITY<br>Serve:<br>Dr. Elizabeth J Stroble<br>470 East Lockwood Avenue<br>St. Louis, MO 63119<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Petition for Damages**

COMES NOW, Plaintiff, by and through her attorney of record, and for her Petition for Damages, alleges and states the as follows:

**The Parties**

1.    Plaintiff Chelsea Gaarder is an individual who resides at 5702 S Garnet Drive, St. George, Utah 84790. At the time of the facts of this petition, Plaintiff resided at 3009 SE 4th Street Blue Springs, Missouri 64014.

2.    Defendant Webster University is a non-profit corporation organized under the laws of, and registered in, Missouri. It is a private university, with its principal place of business at 470 E. Lockwood Ave, St. Louis, MO 63119. Its registered agent in Missouri is Dr. Elizabeth J. Stroble, 470 E. Lockwood Ave., St. Louis, MO 63119.

## Jurisdiction and Venue

3. The Circuit Court of Jackson County has subject matter jurisdiction over this action and personal jurisdiction over Defendant because the events forming the basis for Plaintiff's causes of action occurred under Missouri law and occurred in Jackson County, Missouri.

4. Venue is proper in this Court because Plaintiff was first injured by Defendant's acts and conduct described herein in Jackson County, Missouri. *See* R.S.Mo. 508.010.4.

## Facts Common to All Counts

5. On or about June 7, 2021, Plaintiff submitted a request to Webster University to receive more information regarding their master's in counseling program.

6. Prior to submitting her online request for information, Plaintiff had researched Webster University's master's in counseling program on Defendant's website and learned that Defendant claimed to be accredited by The Council for Accreditation of Counseling and Related Educational Programs (hereafter "CACREP accredited").

7. CACREP accreditation is of vital importance in many states for an individual to become a fully licensed clinical therapist. In some states, it is impossible for an individual to become licensed if the individual did not attend a fully CACREP accredited program.

8. After submitting her online request for information , Plaintiff was instructed to contact Emily Winslow, an employee in Defendant's Admissions Office, if she had any questions through her application process.

9. Plaintiff contacted Emily Winslow and spoke with her over the phone more than once. During those phone conversations, Ms. Winslow, an employee in Defendant's Office of Admissions, assured Plaintiff multiple times that the master's in counseling program was CACREP accredited.

10. In or around June and/orJuly of 2021, Plaintiff viewed the Webster University website, which boasted "We are pleased to announce that our Online Master of Arts in Counseling/Emphasis in Clinical Mental Health Counseling is now CACREP accredited."

11. Upon information and belief, Defendant sent emails to other students that represented the Online Master of Arts in Counseling/Emphasis in Clinical Mental Health Counseling was CACREP accredited.

12. On or about June 29, 2021, Plaintiff attended a virtual information session regarding the master's in counseling program, during which attendees were once again assured of the CACREP accreditation.

13. On or about July 22, 2021, Plaintiff received her acceptance letter to Defendant's master's in counseling program.

14. Plaintiff made the decision to attend Defendant Webster University's school in large part because she believed and relied on the multiple statements of Defendant and its employees that the master's in counseling program was CACREP accredited.

15. On July 29, 2022, Plaintiff attended new student orientation which was conducted over the Zoom Platform. Dr. Stehn, the department chair, and Dr. O'Brien, the director of the program, answered questions regarding the program's CACREP status. Both assured the students that there was a logistical issue to be worked out with CACREP, but that there was nothing to worry about.

16. On or about August 16, 2021, Plaintiff, along with the other students in Defendant's master's of counseling program, were notified by email that the program had lost its CACREP accreditation, would need to complete a new "self-study", and that students would be updated when they received the accreditation back.

17. In November of 2021, Plaintiff spoke to many different advisors, all of whom assured her that the accreditation would easily be resolved by the beginning of 2022.

18. On or around November 29, 2021, Plaintiff's classmate, Jeanie Rhoads, was notified by the Director of the Program, Dr. O'Brien, that although the self-study was being completed, that their cohort (their "class"), including Plaintiff, would "certainly be grandfathered in as having graduated from an accredited program." This sentiment was being repeated verbally to many other students, including Plaintiff.

19. In or around January of 2022, Plaintiff's student cohort decided to appoint one student to communicate with the chair of the program, Dr. Stehn, about what was truly going on.

20. Dr. Stehn assured that student that the self-study report had been submitted at the end of November of 2021, and they would receive a response in February. Dr. Stehn stated they would let the students know as soon as they knew something.

21. On or about March 8, 2022, the students of Plaintiff's cohort attended a "Townhall Student Feedback" meeting over the Zoom Platform.

22. At the "Townhall Student Feedback" meeting, the students complained about the lack of communication and uncertainty of the CACREP accreditation process. Dr. Stehn assured the students they would be informed of a status update by March 15, 2022.

23. On or about March 23, 2022, the students were informed via email that Defendant's master's in counseling program is not CACREP accredited, and the self-study was rejected. Dr. Stehn told students they had less than 24 hours to withdraw from the Spring 2022 semester in order to receive a full refund.

24. Because CACREP accreditation is required to be licensed in many states, and because Plaintiff relied on the statements made by Defendant or its employees regarding accreditation, Plaintiff made the decision to withdraw to receive a refund.

25. In or around April of 2022, Plaintiff contacted a representative from the CACREP institution and received a confirmation email from the CACREP accrediting institution that Webster University's Hybrid program for master's in counseling was *never* CAPCREP accredited, and that it lacked *any* records regarding a status review for the online program, as had been suggested by Defendant and its employees.

26. At the time of filing this petition, Plaintiff has still not received a full and complete refund for the Spring 2022 session.

## COUNT I: FRAUDLENT MISREPRESENTATION

27. Plaintiff incorporates by reference the forgoing statements and allegations as though fully set forth herein.

28. Beginning in or around December of 2020, or before that date, and continuing on various dates thereafter as reflected in promotional materials, emailed materials, course materials, verbal statements, etc., Defendant, through its representatives and agents acting within the scope and course of their agency and employment and on behalf of Defendant, intentionally engaged in a pattern and practice of making certain fraudulent misrepresentations and/or material omissions to Plaintiff and others, regarding the online master's in counseling program and its CACREP accreditation status.

29. Plaintiff was induced by Defendant's intentional, willful, and malicious misrepresentations and omissions to apply for student loans, purchase books, supplies, equipment, and to enroll in Defendant Webster University and pay tuition.

Electronically Filed - Jackson - Independence - November 03, 2022 - 04:03 PM

30. Plaintiff used her own funds and/or student loans to pursue Defendant's curriculum and suffered additional loss of income she would have reasonably earned had she not been fraudulently induced into enrolling in Webster University.

31. Plaintiff will continue to suffer lost income in the future.

32. Beginning in or around June of 2021 and continuing thereafter, the Admissions Department and other representatives of Defendant made the following misrepresentations to Plaintiff about the school and its accreditation which Plaintiff relied on:

    a. "The Online Master of Arts in Counseling/Emphasis in Clinical Mental Health Counseling is now CACREP accredited" (Listed on website);

    b. The online master's in counseling is CACREP accredited;

    c. There was a "logistical" issue with Defendant's CACREP accreditation that would be easily resolved;

    d. The CACREP accreditors were requiring a new self-study from Defendant, and then they would receive the accreditation back;

    e. Plaintiff's cohort would certainly be "grandfathered in" as graduating from a CACREP accredited program;

    f. The required self-study had been submitted in November of 2021, and Defendant would have an answer to CACREP's review by February;

    g. Plaintiff would receive a full refund if she withdrew by March 25, 2021.

33. The forgoing representations made by Defendant through its agents, employees, and representatives were false.

34. The aforementioned admissions representatives, financial aid representatives, and other personnel were acting on behalf of, and serving the business interests of, Defendant in making said false representations.

35. Defendant knew the foregoing representations were false, or Defendant did not know whether the representations were true or false, but represented that they were true.

36. Defendant intended that Plaintiff rely on said representations and omissions and enroll at Webster University.

37. The fraudulent misrepresentations and omissions made by Defendant were material to Plaintiff's decision to enroll in Webster University.

38. But for the false, fraudulent, and misleading statements and omissions, Plaintiff and others would not have enrolled in Webster University.

39. Plaintiff relied on all the aforesaid misrepresentations and omissions in enrolling in Webster University and was relying on them using ordinary care.

40. As a direct result of such fraudulent misrepresentations and omissions, Plaintiff was damaged.

41. Defendant's conduct was outrageous, and showed complete indifference to or conscious disregard for the rights of the Plaintiff, thereby entitling Plaintiff to punitive damages in an amount that will serve to punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for actual damages against Defendant in an amount that is fair and reasonable, including all monies expended by Plaintiff for tuition, fees, books, supplies, equipment, and any further incidental charges and fees together with such sums Plaintiff might reasonably have earned during the time devoted to Defendant's curriculum, for punitive damages

in amount sufficient to punish Defendant and to deter Defendant and others from like conduct and for such further relief the Court deems just and proper.

### COUNT II: FRAUD BY CONCEALMENT AND OMISSION

42. Plaintiff incorporates by reference the forgoing statements and allegations as though fully set forth herein.

43. In addition to the fraudulent misrepresentations set for above, Plaintiff was damaged by Defendant's omission of and failure to disclose facts that, had they been known, would have convinced Plaintiff to reject Webster University.

44. Defendant had a duty to disclose to Plaintiff:

   a. Webster University's online master's in counseling program was not CACREP accredited;

   b. Webster University's online master's in counseling program had never been CACREP accredited;

   c. Webster University had never applied for CACREP accreditation for their online master's in counseling program;

   d. The class of students Plaintiff would be graduating with had no opportunity to be "grandfathered in" because the program had never been CACREP accredited;

   e. A self-study was never turned in to the CACREP accreditation institution.

45. Defendant failed to disclose the information in paragraphs 41 a-e.

46. The facts that were omitted and withheld by Defendant were material.

47. The aforementioned admissions representatives, financial aid representatives, and other personnel were acting on behalf of, and serving the business interests of, Defendant in failing to disclose said material information.

48. Defendant was in a position of having specific knowledge not available to Plaintiff.

49. Defendant was in a position of trust such that Defendant was aware that Plaintiff trusted them for advice and believed them to have been acting in Plaintiff's best interest.

50. Defendant intended that Plaintiff rely upon said representations and omissions and thus enroll in Webster University.

51. The fraudulent omissions made by Defendant were material to Plaintiff's decision to enroll in Webster University.

52. But for the fraudulent omissions, Plaintiff and others would not have enrolled in this institution.

53. Plaintiff relied on all the aforesaid misrepresentations and omissions in enrolling in Webster University and was relying on them using ordinary care.

54. As a direct result of such fraudulent misrepresentations and omissions, Plaintiff was damaged.

55. Defendant's conduct was outrageous, and showed complete indifference to or conscious disregard for the rights of the Plaintiff, thereby entitling Plaintiff to punitive damages in an amount that will serve to punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for actual damages against Defendant in an amount that is fair and reasonable, including all monies expended by Plaintiff for tuition, fees, books, supplies, equipment, and any further incidental charges and fees together with such sums Plaintiff might reasonably have earned during the time devoted to Defendant's curriculum, for punitive damages

in amount sufficient to punish Defendant and to deter Defendant and others from like conduct and for such further relief the Court deems just and proper.

### COUNT III: VIOLATION OF THE MERCHANDISING PRACTICES ACT

56. Plaintiff incorporates by reference the forgoing statements and allegations as though fully set forth herein.

57. Plaintiff purchased services primarily for personal purposes, and thereby suffered an ascertainable loss of money as a result of the use and employment by Defendant of methods, acts, and practices declared unlawful pursuant to Revised Missouri Statutes, Section 407.010 et seq.

58. All of the foregoing misrepresentations, omissions and concealments by Defendant were relied upon by Plaintiff in deciding to enroll in Defendant's institution, and in expending monies for tuition, books and incidental fees, and in devoting their time to Defendant's curriculum, which, had Plaintiff known the truth, would have devoted to the pursuit of employment, or pursuing a legitimate education at another college or university.

59. Plaintiff has been damaged by Defendant's actions in the amount expended by Plaintiff for tuition, books, incidental fees, loss of earnings and loss of educational opportunity, and Section 407.025 R.S.Mo. gives Plaintiff the right to recover actual damages sustained by the actions of Defendant's violations of the Missouri Merchandising Practices Act, Section 407.010 R.S.Mo. et seq. Said section further entitles Plaintiff to recover punitive damages, reasonable attorney fees, costs, treble damages and such other equitable action and relief as the Court deems necessary and proper.

60. Defendant's actions were outrageous, and showed complete indifference to or conscious disregard for the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for actual damages against Defendant in an amount that is fair and reasonable, including all monies expended by Plaintiff for tuition, fees, books, supplies, equipment, and any further incidental charges and fees together with such sums Plaintiff might reasonably have earned during the time devoted to Defendant's curriculum, for punitive damages in amount sufficient to punish Defendant and to deter Defendant and others from like conduct and for such further relief the Court deems just and proper.

### Request for Jury Trial

COMES NOW, Plaintiff, by and through her attorney of record, and hereby requests a trial by jury.

Respectfully submitted,

WHITE, GRAHAM, BUCKLEY, & CARR, L.L.C

BY:___/s/ Gene P. Graham, Jr._____
    Gene P. Graham, Jr.   MO 34950
    Deborah J. Blakely   MO 47138
    Taylor M. Arri   MO 72685
    19049 East Valley View Parkway
    Independence, Missouri 64055
    (816) 373-9080 Fax: (816) 373-9319
    ggraham@wagblaw.com
    dblakely@wagblaw.com
    tarri@wagblaw.com

ATTORNEYS FOR PLAINTIFF

Electronically Filed - Jackson - Independence - November 03, 2022 - 04:03 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| CHELSEA GAARDER<br>5702 S Garnet Drive<br>St. George, Utah 84790<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WEBSTER UNIVERSITY<br>Serve:<br>Dr. Elizabeth J Stroble<br>470 East Lockwood Avenue<br>St. Louis, MO 63119<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CERTIFICATE OF SERVICE

I certify that the following documents were filed contemporaneously herein with Plaintiff's Petition for Damages on this 3rd day of November, 2022 and are to be served in the summons packet by the Sheriff of the St. Louis County Sheriff's Department:

- Plaintiff's First Request for Production of Documents in both word and electronic format (via CD)
- Plaintiff's First Interrogatories in both word and electronic format (via CD).

Respectfully submitted,
WHITE, GRAHAM, BUCKLEY, & CARR, L.L.C

BY:＿＿/s/ Gene P. Graham, Jr.＿＿＿＿＿
　　Gene P. Graham, Jr.　　MO 34950
　　Deborah J. Blakely　　　MO 47138
　　Taylor M. Arri　　　　MO 72685
　　19049 East Valley View Parkway
　　Independence, Missouri 64055
　　(816) 373-9080 Fax: (816) 373-9319
　　ggraham@wagblaw.com
　　dblakely@wagblaw.com
　　tarri@wagblaw.com

　　ATTORNEYS FOR PLAINTIFF



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2216-CV25351 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CHELSEA GAARDER | Plaintiff's/Petitioner's Attorney/Address<br>GENE P GRAHAM JR<br>WHITE, ALLINDER & GRAHAM,<br>BUCKLEY & CARR L.L.C. SUITE C<br>19049 EAST VALLEY VIEW PARKWAY<br>INDEPENDENCE, MO  64055 | |
| vs. | | |
| Defendant/Respondent:<br>WEBSTER UNIVERSITY | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** WEBSTER UNIVERSITY
**Alias:**
SRV: DR ELIZABETH J STROBLE
470 EAST LOCKWOOD AVENUE
ST. LOUIS, MO  63119



*COURT SEAL OF JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

04-NOV-2022
_____     _____
    Date                                                      Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by:  (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

(Seal)   **Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
My commission expires: _____    _____
                                                Date                                                Notary Public

**Sheriff's Fees**
Summons           $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $     10.00
Mileage               $_____ (_____ miles @ $._____ per mile)
**Total**                 $_____
A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020

**SUMMONS/GARNISHMENT SERVICE PACKETS**
**ATTORNEY INFORMATION**

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
# AT INDEPENDENCE

**CHELSEA GAARDER,**

        **PLAINTIFF(S),**　　　　　　　**CASE NO.  2216-CV25351**
**VS.**　　　　　　　　　　　　　　　　　　　　　　**DIVISION 12**

**WEBSTER UNIVERSITY,**

        **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
___

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JENNIFER PHILLIPS** on **21-FEB-2023** in **DIVISION 12** at **09:30 AM**.  All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1.  Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1.  A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2.  The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings.  The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.    A trial setting;

      b.    Expert Witness Disclosure Cutoff Date;

      c.    A schedule for the orderly preparation of the case for trial;

      d.    Any issues which require input or action by the Court;

      e.    The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court.  Each party shall personally appear at the mediation and participate in the process.  In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case.  If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JENNIFER PHILLIPS**
JENNIFER PHILLIPS**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition.  It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
TAYLOR MICHELLE ARRI, 19049 E. VALLEY VIEW PKWY, SUITE C, INDEPENDENCE, MO 64055

DEBORAH J BLAKELY, 19049 E VALLEY VIEW PARKWAY, STE C, INDEPENDENCE, MO 64055

GENE P GRAHAM, WHITE, ALLINDER & GRAHAM,, BUCKLEY & CARR L.L.C. SUITE C, 19049 EAST VALLEY VIEW PARKWAY, INDEPENDENCE, MO 64055

Defendant(s):
 WEBSTER UNIVERSITY

 Dated:  04-NOV-2022                                                                MARY A. MARQUEZ
                                                                                                  Court Administrator