UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHELSEA GAARDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00191-SEP |
| | ) |
| WEBSTER UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Chelsea Gaarder's Motion to Remand.  Doc. [9].  For the reasons set forth below, the motion is denied.

### FACTS & BACKGROUND

On November 3, 2022, Plaintiff filed this action against Defendant Webster University in state court, alleging fraudulent misrepresentation, fraud by concealment and omission, and violation of the Merchandising Practices Act.  *See* Doc. [1-2].  On November 9, 2022, Webster University, a forum defendant, removed this action to federal court before it had been served—a maneuver known as "snap removal."  *See* Doc. [1].  On December 2, 2022, Plaintiff filed a motion to remand this matter to state court.  Doc. [9].  This action was then transferred to this Court from the Western District of Missouri.  *See* Doc. [24].  The motion is fully briefed and ready for this Court's review.  *See* Docs. [12], [18].

### LEGAL STANDARD

Removal of a civil action is proper if "the district courts of the United States have original jurisdiction" over the action.  28 U.S.C. 1441(a).  Original jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states. . . ."  28 U.S.C. 1332(a)(1).  If an action is "'removable solely on the basis of the jurisdiction under [§] 1332(a),' however, the forum-defendant rule provides that the action 'may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"  *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (citing 28 U.S.C. § 1441(b)(2)).

"[V]iolation of the forum-defendant rule is a *nonjurisdictional* defect in removal . . . ." *Id.* (emphasis added).

## DISCUSSION

Plaintiff argues that "this case should be remanded back to state court" because "Defendant Webster University . . . is a forum defendant and according to the forum defendant rule, cannot remove based on diversity of citizenship." Doc. [9] at 1, 3. As support for that argument, Plaintiff cites *Bryan v. Hobby Lobby Stores, Inc.*, 2019 WL 13203970, at *2 (W.D. Mo. July 9, 2019), for its proposition that "a violation of the forum defendant rule is a jurisdictional defect." *See also id.* at *2 (first citing *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005); then citing *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992)). But the Eighth Circuit has since explicitly overruled the precedents upon which *Bryan* relied. *See Holbein*, 983 F.3d at 1051 ("We now overrule those precedents to the extent they hold that a violation of 28 U.S.C. § 1441(b)(2)—the so-called forum-defendant rule—is an unwaivable jurisdictional defect in removal.") (internal citation omitted); *see also M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 2023 WL 3163326, at *3 (8th Cir. May 1, 2023) ("[T]he forum-defendant rule is not jurisdictional at all. Violating it does not destroy jurisdiction.") (internal citation omitted). Because Plaintiff relies on abrogated case law to support her argument that snap removal affects this Court's jurisdiction, the Court must reject that argument.

Plaintiff also argues that this case should be remanded "because removal is not allowed when no defendant has been served[.]" Doc. [9] at 1; *see also id.* at 3-4. Plaintiff claims that Defendant improperly engaged in "hawking" the state court docket in order to remove this case before it had been served, thereby evading the forum-defendant rule. *Id.* at 3 (citing *Hensley v. Forest Pharms., Inc.*, 21 F. Supp. 3d 1030, 1036 (E.D. Mo. 2014)). In *Hensley*, on which Plaintiff relies, the court found that snap removal violates the forum-defendant rule, which "constitutes a jurisdictional defect," and thus "remand is required." *Hensley*, 21 F. Supp. 3d at 1036. As explained above, the Eighth Circuit has since ruled that violation of the forum-defendant rule does not impact this court's jurisdiction. Further, the Eighth Circuit has been silent on how the forum-defendant rule applies in the snap removal context. *See M & B Oil, Inc.*, 2023 WL 3163326, at *3 (declining to opine on "what happens if [an] action is removed before the plaintiff 'properly join[s] and serve[s]' the forum-state defendant" but observing that "many courts have held that the forum-defendant rule does not apply" (quoting 28 U.S.C. §

2

1441(b)(2))); *see also id.* (citing *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485-87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151-54 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001)).

Because Plaintiff has not shown that Defendant's snap removal in this case implicates the forum-defendant rule, much less violates it, the Court denies her motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [9], is **DENIED**.

Dated this 17th day of May, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3