UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHELSEA GAARDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-cv-00191-SEP |
| WEBSTER UNIVERSITY, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff Chelsea Gaarder's Motion for Leave to File Interlocutory Appeal. Doc. [27]. Plaintiff asks the Court for an order certifying its May 17, 2023, Order, *see* Doc. [26], denying Plaintiff's motion to remand, Doc. [9], for interlocutory appeal. For the reasons set forth below, the motion is denied.

### DISCUSSION

Section 1292(b) of Title 28 of the United States Code provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [she] shall so state in writing in such order.

Motions to certify "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Moreover, "[t]he requirements of § 1292(b) are jurisdictional," *id.*, and "if the case does not present circumstances satisfying the statutory prerequisites for granting certification, this court cannot allow the appeal," *Union Cnty. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (citing *White*, 43 F.3d at 376).

Assuming that the Court's prior order satisfies 28 U.S.C. § 1292(b)'s first jurisdictional requirement that the order "involve[] a controlling question of law,"[1] Plaintiff has not shown that it satisfies the second requirement—i.e., that a "substantial ground for difference of opinion"

---

[1] For purposes of this Order, the Court assumes that the question whether "snap removal" by a forum defendant violates the forum-defendant rule is a "question of law" as defined by 28 U.S.C. § 1292(b).

exists regarding the Court's decision.  Plaintiff argues that the "Court's denial of remand, as well as . . . both parties' briefing on the issue" acknowledge that "there are differing schools of thought regarding snap removal." Doc. [28] at 2.  In fact, the Court explicitly rejected that argument in its prior order, noting that all of the cases Plaintiff cited in support of remand were abrogated to the extent they held that snap removal constitutes a jurisdictional defect.  *See* Doc. [26] at 2; *see also Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) ("[V]iolation of the forum-defendant rule is a nonjurisdictional defect in removal. . . .").  Moreover, Plaintiff cites no cases, and the Court is unaware of any, showing a "substantial ground for difference of opinion" on the question whether snap removal violates the forum-defendant rule.  *Cf. M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109-10 (8th Cir. 2023) ("[M]any courts have held that the forum-defendant rule does *not* apply [to snap removals].  A defendant can remove the case to federal court, assuming there is "original jurisdiction," if the forum-state defendant has yet to be "properly . . . served." (emphasis added) (citing *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485-87 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151-54 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001))); Doc. [26] at 2-3.

As for the third requirement, while an immediate appeal from any order denying a motion to remand could hypothetically "advance the ultimate termination of the litigation," 28 U.S.C § 1292(b), Plaintiff fails to show "that the case is an exceptional one in which immediate appeal is warranted," *White*, 43 F.3d at 376.  As support for her claim that an interlocutory appeal would materially advance the outcome in this case, Plaintiff invokes the argument made in her motion to remand, Doc. [9], that snap removal implicates this Court's subject-matter jurisdiction.  *See* Doc. [28] at 3 ("[C]larity from the Eighth Circuit on the specific issues of snap removal by a forum defendant and subject matter jurisdiction is paramount to the ability of this case to move forward.").  But as laid out in the Court's prior order, that argument has *already* been squarely rejected by the Eighth Circuit.  *See M & B Oil, Inc.*, 2023 WL 3163326, at *3 ("[T]he forum-defendant rule is not jurisdictional at all. Violating it does *not* destroy jurisdiction." (emphasis added) (citation omitted)); *see also* Doc. [26] at 2.  Thus, Plaintiff has not shown that an immediate appeal in this context might "advance the ultimate termination of the litigation[.]"  28 U.S.C § 1292(b).

     Because the Court's prior order does not meet two of the three jurisdictional prerequisites for interlocutory appeal under 28 U.S.C. § 1292(b), Plaintiff's motion to certify the Court's prior order for interlocutory appeal must be denied.  *See Union Cnty.*, 525 F.3d at 646.

     Accordingly,

     **IT IS HEREBY ORDERED** that Plaintiff Chelsea Gaarder's Motion for Leave to File Interlocutory Appeal, Doc. [27], is **DENIED**.

Dated this 2nd day of June, 2023.

                                            _____
                                            SARAH E. PITLYK
                                            UNITED STATES DISTRICT JUDGE