IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHELSEA GAARDER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-cv-00191-SEP ) |
| WEBSTER UNIVERSITY, | ) ) |
| Defendant. | ) |

## JOINT DISCOVERY DISPUTE STATEMENT

Pursuant to the Court's Case Management Order, the parties request a phone conference regarding outstanding discovery disputes related to Plaintiff's First Interrogatories, Plaintiff's First Requests for Production of Documents, Plaintiff's Second Request for Production of Documents, and Plaintiff's Notice to take the deposition of Defendant's Corporate Representative.

**Procedural Background**

1) Plaintiff served her First Interrogatories and First Request for Production on March 8, 2023. Per an agreement extending Defendant's response date, Defendant served their responses and objections on April 19, 2023.
2) Plaintiff sent Defendant a golden rule letter on June 9, 2023, and Defendant responded on June 28, 2023.
3) The parties engaged in a meet and confer via a phone conference on August 24, 2023 but were unable to reach agreement.
4) Plaintiffs served her 2nd Request for Production of Documents on June 16, 2023. Defendant served their objections, and no responsive documents, on July 21, 2023.
5) Plaintiff sent Defendant a golden rule letter on August 23, 2023, and Defendant responded on September 19, 2023.
6) The parties engaged in a meet and confer via phone conference on September 22, 2023 but were unable to reach an agreement.
7) Plaintiff served their notice to take the deposition of a corporate representative on June 27, 2023. Plaintiff received an email with multiple objections on June 28, 2023.
8) The parties discussed these objections during both phone conferences mentioned above. Plaintiff sent a written response to the objections on August 31, 2023 and Defendant sent a response on September 19, 2023.
9) The parties agreed to file this discovery dispute memorandum and request a conference with the court on these matters.

**Plaintiff's Position**

- **Temporal Scope –** In her June 9, 2023 golden rule letter, Plaintiff asserted that the appropriate temporal scope is August of 2020 to June of 2022. However, based on documents produced by Defendant, it is now apparent that the appropriate and relevant temporal scope is August 1, 2020 through August 31, 2023. This temporal scope is supported by a letter from CACREP, the accrediting organization in this case, notifying Defendant that the program at issue in this case was granted accreditation for the very first time on June 13, 2023. Therefore, the Defendant's knowledge and actions between August 1, 2020 through August 31, 2023 is highly relevant to the issues of knowledge, or ignorance of truth, and intent, as required by the elements of fraudulent misrepresentation. *Tucker v. Ethicon, Inc.,* No. 4:20-CV-1543 RLW, 2021 WL 410058, at 8 (E.D. Mo. Feb. 5, 2021). This issue affects all interrogatories and requests for production.

- **FERPA –** It is Plaintiff's position that the information requested in Plaintiff's First Interrogatories and First Request for Production of Documents, including names and last known phone numbers of students enrolled in the same program as Plaintiff, and email communications between Defendant's employees and students are not "education records" as defined by FERPA and are therefore discoverable. Even if the personally identifying information that may be included in email communications between other students and staff/faculty are protected, this is easily remedied by simply redacting the student's personally identifying information. This information is highly relevant to proving fraudulent misrepresentations. Further, the jury is allowed to consider circumstantial evidence when deciding fraud. Whether Defendant's faculty/staff were also misrepresenting their accreditation status to other students certainly tends to make the fact that Defendant lied to and/or engaged in fraudulent misrepresentation to Plaintiff more or less likely true than not true, and the jury is allowed to consider that circumstantial evidence. *Blankenship v. Medtronic, Inc.,* No. 4:13-CV-1087 CEJ, 2014 WL 3818485, at 4 (E.D. Mo. Aug. 4, 2014). *See also Wolk v. Churchill*, 696 F.2d 621 (8th Cir. 1982) (where the 8th Circuit Court of Appeals found that the trial court did not abuse its discretion in allowing circumstantial evidence to prove intent in a fraudulent misrepresentation case.) This issue would affect Plaintiff's First Interrogatories 13-18, and Plaintiff's First Request for Production 2, 3, 5, 6, 8-15, 17-21, 36-39, and 41, all of Plaintiff's Second Request for Production, as well as many topics within the DA notice.

- **Communications with other students –** Any communications between Defendant's staff/faculty and other students enrolled in the same program as Plaintiff are not only discoverable but also admissible to prove fraud. Such communications constitute circumstantial evidence that the jury is allowed to consider. "Falsity may also be established through allegations of circumstantial evidence." *Blankenship v. Medtronic, Inc.,* No. 4:13-CV-1087 CEJ, 2014 WL 3818485, at 4 (E.D. Mo. Aug. 4, 2014). *See also Wolk v. Churchill*, 696 F.2d 621 (8th Cir. 1982) (where the 8th Circuit Court of Appeals found that the trial court did not abuse its discretion in allowing circumstantial evidence to prove intent in a fraudulent misrepresentation case.) This issue would affect Plaintiff's First Interrogatories 11, 13-18, and Plaintiff's First Request for Production 2, 3, 5, 6, 8-15, 17-21, 36-39, and 41, as well as requests in Plaintiff's 2nd Request for Production and Plaintiff's DA Notice.

- **Communications Between Staff/Faculty & the knowledge of accreditation at different relevant time periods –** Any communications, meetings, notes from meetings, or any other documentation that reflects the understanding of Defendant's faculty/staff is highly relevant to proving Plaintiff's case. Plaintiff must prove Defendant's knowledge and intent in making any fraudulent misrepresentation, or in omitting the truth. *Tucker v. Ethicon, Inc.,* No. 4:20-CV-1543

RLW, 2021 WL 410058, at 8 (E.D. Mo. Feb. 5, 2021). This issue would affect Plaintiff's First Interrogatories 11, 13-18, and Plaintiff's First Request for Production 2, 3, 5, 6, 8-15, 17-21, 36-39, and 41, as well as requests in Plaintiff's 2nd Request for Production, and Plaintiff's DA Notice.

**Defendant's Position**

- **Temporal Scope**- Defendant objected to the temporal scope of only certain discovery requests - Interrogatory Nos. 3-6, 10 and Request for Production Nos. 16-21.  These discovery requests information related to the identification of Webster University faculty and staff and documents evidencing communications to prospective and current students for a period of January 2020 to the present. Plaintiff's Petition (see ¶ 5) and the documents produced so far in this case establish that Plaintiff Gaarder's first communications with Webster occurred in approximately June 2021.  Gaarder withdrew from class at the University in March 2022. Thus, we believe the time period of January 2021 to June 2022, which covers a timeframe both before and beyond Plaintiff Gaarder's period of enrollment as well as the relevant timeframe for any actionable representations or omissions, is appropriate for these particular interrogatories.

- **FERPA/Communications with other students (non-parties)** – Defendant objected to Plaintiff's Interrogatory Nos. 13-16, 18 and Request for Production Nos. 2-6, 8-9, 11-12, 14-15, 39-39, 41.  These discovery requests seek educational records concerning other ***non-party students***. Defendant has produced those communications to the Plaintiff with redactions of other students' names, where appropriate.  FERPA covers information "those records, files, documents, and other materials which contain information directly related to a student; and are maintained by an educational agency or institution." FERPA, 20 U.S.C. § 1232g(a)(4)(A). This definition encompasses paper and electronic files, grades, video recordings, audio recordings, and other data. Furthermore, "If the education records of a student contain information on more than one student, the parent or eligible student may inspect and review or be informed of only the specific information about that student." 34 C.F.R. § 99.12(a).  As a result, the FERPA objections as to communications with other students individually or redactions of other student names is proper. Plaintiff does not contend that any of the discovery concerns an exception to FERPA's broad definition of "educational records."  In addition, Defendant objected to the aforementioned interrogatories and document requests on other basis, including breadth, temporal scope, and proportionality.

- **Communications between Staff/Faculty** – Contrary to Plaintiff's assertions above, Interrogatory Nos. 11, 13-16, 17-18 and Request for Production Nos. 2-3, 5-6, 8-9, 11-12, 14-15 seek communications and documents from Webster University staff and faculty to ***non-party students***.  These communications are subject to FERPA protections. Defendant further objected to these requests on the basis of breadth, temporal scope, and proportionality.  Defendant produced redacted versions of communications between Plaintiff and Webster University faculty and staff in response to Interrogatory No. 17 and Request for Production Nos. 10, 13, 17-21.

| | |
|---|---|
| QUARLES & BRADY, LLP | WHITE, GRAHAM, BUCKLEY, & CARR L.L.C. |
| By: /s/ Travis Kearbey<br>TRAVIS KEARBEY         58964<br>CAMILLE ROE              65142<br>300 N. LaSalle St, Ste 4000<br>Chicago, IL 60654<br>Tel: 312-715-2731<br>Email: travis.kearbey@quarles.com<br>Email: Camille.roe@quarles.com<br><br>ATTORNEYS FOR DEFENDANT | By:  /s/ Gene P. Graham, Jr.<br>GENE P. GRAHAM, JR.  34950<br>DEBORAH J. BLAKELY  47138<br>TAYLOR ARRI  72685<br>19049 E. Valley View Pkwy, Suite C<br>Independence, Missouri 64055<br>Tel:  816-373-9080   Fax: 816-373-9319<br>Email: ggraham@wagblaw.com<br>Email: dblakely@waglaw.com<br>Email: tarri@wagblaw.com<br><br>ATTORNEYS FOR PLAINTIFF |

## **CERTIFICATE OF SERVICE**

I certify that on September 25, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Taylor M. Arri
Attorney for Plaintiff