UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI - EASTERN DIVISION

| | |
|---|---|
| CHELSEA GAARDER, | ) |
| Plaintiff, | ) |
| vs. | ) |
| WEBSTER UNIVERSITY, | ) |
| Defendant. | ) Case No. 4:23-cv-00191-SEP |
| | ) |
| | ) |
| | ) |

**PLAINTIFF'S SUPPLEMENTAL FIRST DISCOVERY MEMORANDUM**
**RE: FERPA AND EDUCATIONAL RECORDS**

Plaintiff submits the following in accordance with this Court's Octobre 3, 2023 Order regarding the impact of FERPA on the outstanding discovery disputes in this case:

**FERPA Definitions and Purpose**

FERPA, the Family Educational Rights and Privacy Act, governs what funds the federal government will provide to schools. FERPA states, "No funds shall be made available under any applicable program to any educational agency or institution which has a ***policy or practice of permitting the release of education records*** (or personally identifiable information contained therein other than directory information, as defined in paragraph (5) (a)) of students without the written consent of their parents to any individual, agency, or organization***.***" (emphasis added). 20 USA Section 1232g.

FERPA was never intended to circumvent the Federal Rules of Civil Procedure, or to be used as a shield to discovery. "The underlying purpose of FERPA was not to grant individual students a right to privacy or access to educational records, but to stem the growing policy of many institutions to carelessly release educational information…The limited legislative history available demonstrates that FERPA seeks to deter schools from indiscriminately releasing student records." *Bauer v. Kincaid*, 579 F.Supp 575, 591 (W.D. Mo. 1991);*see also Jones v. Espanola Municipal School District*, 2016 WL 10257481, at *2 (D. N.M. May 13, 2016). "Even if the records to be disclosed are "educational records" under FERPA, FERPA does not prohibit the disclosure of educational records, FERPA instead penalizes the inappropriate disclosure of such information. When considering motions to compel and objections on the basis of FERPA, other federal courts have found that FERPA 'does not create an evidentiary privilege…[and] documents covered by FERPA are indeed discoverable in the context of a civil action.'" [internal citations omitted].

**Directory Information Is Not Protected**

FERPA clearly states that "directory information" ("the student's name, address, telephone listing, date and place of birth…dates of attendance") are ***not*** educational records. 20 USCA Section 1232g (5)(A). That information is not protected under FERPA. This section continues "Any educational agency or institution making public directory information shall give public notice of the categories of information." *Id.* at 1232g(5)(B). The unprotected directory information

Plaintiff has requested would not fall under this notice requirement because the Defendant is not making "public" the directory information, but rather providing it within the protected confines of a civil lawsuit. Should the Defendant find a protective order necessary, they could certainly file for one. Should the Court determine that notice is required, it would be a task easily administered by Defendant, as these requests fall under a time frame of less than two years, with a total number of approximately 60 students potentially subject to notice.

**What is an educational record?**

The Code of Federal Regulations Section 99.3 defines an educational record as: "those records that are: (1) Directly related to a student; and (2) Maintained by an educational agency or institution or by a party acting for the agency or institution." Plaintiff is not seeking "educational records" of students. Rather, many of Plaintiff's requests and interrogatories seek email communications or other written communications between other students and Defendant's faculty. Email communications are *not* education records. There has been no testimony or evidence presented that every single student email is kept within their official student profile, file, or otherwise officially preserved student record.

**Issuance of a Court Order for Disclosure**

Plaintiff requests an Order from the Court overruling Defendant's objections on the basis of FERPA and allowing discovery of directory information, as well as discovery regarding communications to other students about Defendant's CACREP accreditation status, and the names and contact information of these students, as they are all potential witnesses.

In an 8th Circuit case in Iowa, the plaintiff asserted claims of age and race discrimination against her school and sought discovery of the names and addresses of the students who attended the class, and the names, addresses, and information for any other students from whom the defendant took a statement regarding plaintiff's allegations. The defendant made similar FERPA objections. The Court noted the that the plaintiff must meet the burden of proving there is a genuine need for the information that "outweighs the privacy interest of the students." The court found the plaintiff met her burden, stating "The Plaintiff has shown the requested information sought is necessary to learn the identity of potential witnesses to the incident that is the basis of her claims. Also, the information sought is limited and does not include confidential matters as grades, disciplinary reports, or student evaluations." *Maxey v. Sioux City Community School Dist.*, 2009 WL 35171, at *2 (N.D. Iowa, January 6, 2009).

The same is true here. Plaintiff seeks limited information that does not include confidential matters such as grades, disciplinary reports, or student evaluations. Plaintiff is seeking highly relevant information regarding what other students were told about Defendant's CACREP accreditation status, the key issue in this case. These communications are highly relevant for Plaintiff to prove several elements of her claims in this lawsuit.

WHEREFORE, Plaintiff asks this Court for its order overruling all FERPA objections as it relates to the discovery disputes before the Court, including Plaintiff's First Interrogatories and First Requests for Production of Documents, Plaintiff's Second Requests for Production of Documents, and topics included in Plaintiff's Amended Corporate Representative Designated Agent Notice.

        Respectfully submitted,

        WHITE, GRAHAM, BUCKLEY, & CARR, L.L.C
        BY:___/s/ Taylor M. Arri_____
        Gene P. Graham, Jr.       MO 34950
        Deborah J. Blakely       MO 47138
        Taylor M. Arri          MO 72685
        19049 East Valley View Parkway
        Independence, Missouri 64055
        (816) 373-9080 Fax: (816) 373-9319
        ggraham@wagblaw.com
        dblakely@wagblaw.com
        tarri@wagblaw.com

        ATTORNEYS FOR PLAINTIFF