UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHELSEA GAARDER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:23-cv-00191-SEP ) |
| WEBSTER UNIVERSITY, | ) ) |
| Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

IT IS HEREBY ORDERED AND AGREED THAT:

1. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. This Protective Order governs the use and handling of confidential, non-public, and/or sensitive documents, information, and other materials which are designated "Confidential" in accordance with the terms hereof.

2. The Parties hereby acknowledge that while this matter ("the *Gaarder* matter") is pending, a companion case is pending before this court, styled *Jeanie Rhoads V. Webster University*, Case No. 4:22-cv-01196 ("the *Rhoads* matter") (the *Gaarder* matter and the *Rhoads* matter are referred to collectively as "the Litigation"). The parties hereby agree that all discovery taken, produced, and obtained in the Gaarder matter may be used in the Rhoads matter, and vice-versa, including discovery designated as Confidential Information (as defined in Paragraph 4 herein) subject to this Protective Order.

QB\86618775.1

3.      Except as set forth herein, all Confidential Information (as defined in Paragraph 4 herein) produced in the Litigation shall be used only for purpose of the Litigation and shall not be used in any other litigation, arbitration, mediation or other proceeding of any type, unless the Parties mutually agree in writing to do so through their counsel.

4.      "Confidential Information" shall include any Information of any type, kind or character which the Producing Party reasonably and in good faith determines contains non-public and confidential information and which is so designated by the Producing Party, whether it be a document, information contained in a document, electronic media, information revealed during a deposition, information revealed in an interrogatory answer, information produced in response to subpoena, or otherwise. In designating Information as "CONFIDENTIAL," a Producing Party will make such designations only as to that Information that contains Confidential Information. Information designated "CONFIDENTIAL" shall include, but is not necessarily limited to, the following:

      a.      personal data and information, in any form, regarding current and former students and current and former employees of Defendant who are not parties to the Litigation, including but not limited to personal contact information, education records, and employment records.

      b.      the confidential proprietary or business information concerning Defendant Webster University's educational programing practices, policies and procedures,

      c.      confidential information concerning Plaintiff including financial, tax, employment and other confidential records concerning Plaintiff.

5.      Except as otherwise directed by this Court, Confidential Information shall be revealed only to the following "Qualified Recipients," all of whom shall be subject to the terms of this Order:

QB\86618775.1

a. Attorneys appearing in and/or working on the Litigation, including the attorneys' regular and temporary employees, contractors and agents;

b. Any party to the Litigation is an individual;

c. As to any party to the Litigation who is not an individual, any principals, directors, officers, managers, employees, and agents of the party who are engaged in the evaluation, preparation, prosecution, and/or defense of the Litigation, for purposes related to the Litigation;

d. Outside experts or consultants retained to assist in the preparation of the Litigation by any attorney described in Paragraph 6(a) above, as well as employees of such expert or consultants;

e. Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in the Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

f. Actual or potential witnesses or deponents in the Litigation and their counsel, during the course of, or, to the extent necessary, in preparation for depositions or testimony in the Litigation, or to the extent necessary to determine whether they are the proper deponents or witnesses in the Litigation, provided that counsel for the party disclosing any Confidential Information to any such actual or potential witnesses or deponent reasonably believes such person has properly discoverable information concerning the Confidential Information to be disclosed;

g. The Court and its officers, court reporters, stenographers, videographers, and court personnel;

h. If the information is documentary in form, any person who is shown on the document as an author or original recipient of it;

QB\86618775.1

      i.        Mediators or other alternative dispute representatives authorized by the Parties;

      j.        Other persons by written consent of the Producing Party; and

      k.        Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party or Parties.

6.      Confidential Information shall be held in confidence by each "Qualified Recipient" (as defined in Paragraph 5 above) to whom it is disclosed, shall be used only for purposes of the Litigation, shall not be used for other purpose, and shall not be disclosed to any person who is not a Qualified Recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not Qualified Recipients.

7.      The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

8.      Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information.  The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

9.      In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted

document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with L.R. 13.05.

10. Documents, materials or information that is obtained independently from the discovery proceedings in this action may be designated as Confidential Information and shall be treated as such in accordance with this Order. However, nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, materials or information lawfully obtained by such Party or witness independently of the discovery proceedings in this action (and without breaching or violating for example, any applicable confidentiality or non-disclosure obligations relating to the independently obtained documents, materials, or information), whether or not such documents, material or information are also obtained through discovery proceedings in this action.

11. No Confidential Information shall be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of the Litigation. All such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies of Confidential Information are made does not reproduce the "CONFIDENTIAL" stamp appearing on the original, all copies shall be stamped with a "CONFIDENTIAL" designation. All copies of Confidential Information shall be kept under the control of persons(s) described in Paragraph 5(a) through (d), (g), or (i).  No information obtained under this Protective Order shall be added to any electronic database for any other purpose other than (a) the manipulation of data for this action, or (b) the creation of a duplicate electronic image of the documents, subject to the restrictions applicable to photocopies described in this Paragraph.

QB\86618775.1

12. Inadvertent disclosure or production of, or failure to designate any materials or information as, Confidential Information shall not be deemed a waiver of confidentiality with regard to the material or information inadvertently disclosed or produced without the Confidential Information designation, nor shall it be deemed a waiver of confidentiality with regard to similar material. Any such material or information inadvertently disclosed or produced without the applicable designation shall be identified by the Producing Party with a demand that it be marked with the appropriate designation as required by this Protective Order. The Receiving Party must treat such information as Confidential Information from the date designation is received. Disclosure, prior to the receipt of designation, of such information that was inadvertently not designated Confidential Information to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order. However, after receipt of designation, the Receiving Party must use its best efforts to immediately retrieve all information or materials that are Confidential Information that is in the possession or control of persons not authorized to receive Confidential Information.

13. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

14. Any Party may object to the designation of any documents, materials, information, or testimony (or portion thereof) as Confidential Information by giving written notice to the Producing Party that it objects to the designation. If the Receiving Party objects, the Receiving Party shall inform the Producing Party in writing that the document, materials, testimony, or information should not be so deemed, and the Parties shall attempt first to dispose informally of

such disputes in good faith. The documents and information shall be treated as Confidential Information during the Parties' attempt to resolve the dispute. If the Parties are unable to resolve their dispute within five (5) business days of the objection, the Producing Party may apply to the Court for an Order that the information or documents so designated are entitled to such status and protection. That application must be made within an additional five (5) business days of the end of the aforementioned original five (5) business day period. The Producing Party has the burden of showing that there is good cause for documents, materials, information, or testimony to have such designated protection. The documents, materials, information, or testimony shall continue to have Confidential status during the pendency of any such motion.

15.     No person entitled to access Confidential Information shall disclose the contents of any such materials to any other individual, except those who are also permitted to access the materials protected as provided herein.

16.     Counsel for a Party may disclose Confidential Information to any actual or potential witness not otherwise identified above as an approved recipient of such information, provided counsel has obtained written consent of counsel for the Producing Party. However, this consent is not required if the person is an author or original recipient of the Confidential Information.

17.     Each Party shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose Confidential Information, as defined by the terms of this Protective Order.

18.     Persons to whom Confidential Information is shown shall be informed of the terms of this Protective Order and advised that its breach may be punished or sanctioned as contempt of the Court.

QB\86618775.1

19. Witnesses shown Confidential Information during their deposition shall not be permitted to keep copies of said Confidential Information.

20. The Parties may pursue any and all civil remedies available to it for breach of the terms of this Protective Order.

21. The termination of the Litigation shall not relieve the Parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential Information pursuant to this Protective Order.

22. Upon termination of the Litigation (to include the termination of both the *Gaarder* matter and the *Rhoads* matter) (inclusive of any appeals or petitions for review), any Confidential Information shall be returned to the disclosing individual or entity, or shall be destroyed upon the expiration of thirty (30) calendar days of the conclusion of the Litigation, including any copies thereof. Failure to request return or destruction does not alter the terms of this Order or the obligation of any Party to maintain the confidentiality of Confidential Information. Attorneys shall be entitled to retain a full set of all documents filed with the Court, all correspondence and work product generated in connection with the Litigation.

23. Nothing in this Protective Order shall be construed as a waiver by a Party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

24. Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, a modification of this Protective Order. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

QB\86618775.1

25. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Protective Order.

26. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not prejudice in any way the right of a Party at any time: (i) to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

27. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

Dated this 28th day of December, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

QB\86618775.1

| | |
|---|---|
| **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** | **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** |

WHITE, GRAHAM, BUCKLEY, & CARR L.L.C.

By: /s/ *Taylor Arri*
Gene P. Graham          #34950
Deborah J. Blakely      #47138
Taylor Arri             #72685
19049 E. Valley View Pkwy, Suite C
Independence, Missouri 64055
Tel: 816-373-9080   Fax: 816-373-9319
Email: ggraham@wagblaw.com
Email: dblakely@waglaw.com
Email: tarri@wagblaw.com

ATTORNEYS FOR PLAINTIFF

QUARLES & BRADY, LLC

By: /s/ *Camille Roe*
Travis Kearbey         #58964
Camille L. Roe         #65142
8182 Maryland Ave., Suite 405
Clayton, MO 63105
312.715-5000
312.715-5155 (facsimile)
camille.roe@quarles.com
travis.kearbey@quarles.com

ATTORNEYS FOR DEFENDANT